UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


WILL DESIR

    v.                                        Civil No. 24-cv-00122-SM-TSM

ATRIUM MEDICAL CORPORATION


### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff, Will Desir, an African American man, worked as an engineer for Defendant, Atrium Medical Corporation, from November 10, 2014, to July 13, 2022. See Doc. No. 41. Desir brings this action against Atrium alleging that Atrium terminated his employment in retaliation for complaining about racial discrimination and exercising his rights under the Family and Medical Leave Act ("FMLA") during his employment. See id. Plaintiff Will Desir's second motion to amend is now before the court. Doc. No. 18. Desir seeks to add Getinge AB, which Desir alleges is Atrium's parent company, as a party defendant. See id. at ¶¶ 1, 7. Atrium opposes the motion on the grounds of futility. Doc. No. 25 at pgs. 4-8. For the reasons that follow, this court recommends that the district judge deny Desir's motion to amend without prejudice and grant Desir leave to conduct limited jurisdictional discovery.

### LEGAL STANDARD

Desir moves to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a). Rule 15(a) states that a party may amend its pleading once as a matter of course. See Fed. R. Civ. P. 15(a)(1). When a party has already amended its pleading, that party may only further amend the pleading "with the opposing party's written consent or the court's leave." Katz v. Liberty

Power Corp., LLC, 693 F. Supp. 3d 154, 158 (D. Mass. 2023). Federal Rule of Civil Procedure 15(a)(2) provides in relevant part: "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court generally exercises its discretion where there is "no apparent or declared reason" for denial "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962).

      In this case, Atrium argues that the court should deny Desir's motion to amend because his claims against Getinge AB, the proposed new defendant, are futile. See Katz, 693 F. Supp. 3d at 158 (citing Crocker v. Hilton Int'l Barbados, Ltd., 976 F.2d 797, 801 (1st Cir. 1992) (affirming a district court's denial of an amendment seeking to add defendant over whom the court lacked personal jurisdiction)). In assessing whether a plaintiff's proposed claims are futile, "the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006). Accordingly, the court must "accept as true all well-pleaded facts set forth in the [proposed] complaint and draw all reasonable inferences therefrom in the pleader's favor." Artuso v. Vertex Pharms., Inc., 637 F.3d 1, 5 (1st Cir. 2011). Although the proposed amendments need only contain "a short and plain statement of the claims showing that the pleader is entitled to relief," they must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "If the factual allegations in the [proposed] complaint are too meager, vague,

or conclusory to remove the possibility of relief from the realm of conjecture," the proposed complaint is "open to dismissal." See S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010).

## BACKGROUND[1]

### *Desir's Employment at Atrium*

Desir is an African American man who resides in Fitchburg, Massachusetts. Doc. No. 18-1 at ¶ 7. Atrium is a Delaware Corporation, registered to do business in New Hampshire. Id. at ¶ 8. Atrium is also a subsidiary of Getinge AB, a Swedish public limited liability company that directly, or indirectly through its subsidiaries, engages in the manufacturing and sale of medical equipment and related activities. Id. at ¶ 9; Doc. No. 28-1. On November 10, 2014, Atrium hired Desir as a Production Quality Engineer at its facility in Merrimack, New Hampshire. Doc. No. 18-1 at ¶ 10. Atrium promoted Desir to Senior Production Quality Engineer in August 2017 and subsequently promoted him to Supplier Quality Engineering Manager in February 2019, a job that he performed remotely beginning April 2020. Id. at ¶¶ 12-14. According to Desir, members of his team at Atrium widely respected and valued him. Id. at ¶ 38. He also received "very good" job evaluations during his employment at the company. Id. at ¶ 11.

### *Alleged Discrimination and Subsequent Termination*

On multiple occasions in 2021 and 2022, Desir alleges that he "complained that his employer was discriminating against him based on race" and that his employer failed to "adopt policies and procedures to protect against race discrimination." Id. at ¶ 15. He also alleges that he "had a reasonable belief that he was being subjected to discrimination based on race." Id. at ¶

---

[1] The facts described herein are drawn from Desir's proposed Amended Complaint (Doc. No. 18-1), the exhibits attached to Atrium's objection to the motion to amend (Doc. Nos. 25-1 through 25-3) to the extent the facts contained therein do not conflict with Desir's allegations, and the exhibits attached to Desir's reply memorandum in support of his motion to amend (Doc. Nos. 28-1 through 28-9).

16. On January 12, 2022, Desir filed a Charge of Discrimination with the New Hampshire Commission for Human Rights ("Commission") against Getinge AB, alleging that his employer discriminated against him because of his race. Id. at ¶ 17. Desir alleges that Atrium retaliated against him for filing the discrimination complaint which in turn caused Desir "extreme stress," leading him to take Family Medical Leave on April 12, 2022. Doc. No. 18-1 at ¶ 18. Desir returned to work on June 27, 2022. Id. at ¶ 19-20. Shortly thereafter, Atrium terminated Desir's employment by letter dated July 13, 2022. Doc. No. 25-3. The termination letter was on a "Getinge Group" letter head, signed by Human Resources Manager Diana King Echavez, whose signature block listed a New Hampshire address[2] and featured a "Getinge" logo. Id.

Desir alleges that on the date of his termination, Atrium's facilities manager, Kevin Anderson, "contacted the Merrimack Police Department and requested assistance regarding the Plaintiff." Doc. No. 18-1 at ¶ 30. The officer that responded to Mr. Anderson's call noted in the police report that Mr. Anderson "said that Will had filed a civil suit against Getinge." Id. at ¶ 34.

### The Amended Charge of Discrimination

When he originally filed his Charge of Discrimination in January of 2022, Desir designated Getinge AB as his employer. Doc. No. 18 at ¶ 2; Doc. No. 18-1 at ¶ 17. On March 10, 2022, counsel for Atrium represented to the Commission that Atrium was Desir's employer and requested that the Commission "amend the party names in this matter to replace Atrium Medical Corporation for Getinge AB." Doc. No. 25 at pg. 2. On June 6 and 14, 2023, Investigator for the Commission, Dan Deyermond, emailed counsel for Desir directing him to amend the Charge of Discrimination to "name Respondent correctly." Doc. No. 25-2 at pgs. 3, 6. On June 27, 2023, Desir's attorney

---

[2] This address is to Atrium's facility in Merrimack, NH.

filed a Second Amended Charge of Discrimination with the Commission, switching the respondent from Getinge AB to Atrium.³  Id. at pg. 1.

Ultimately, the Commission "made a finding of no cause," and the EEOC "made no findings regarding whether Plaintiff's rights were violated." Doc. No. 18 at ¶ 5.  On March 18, 2024, the EEOC issued a Right to Sue Letter to Desir, and the instant lawsuit followed shortly thereafter.  Id. at ¶ 6.

### *The Instant Lawsuit*

Desir commenced this lawsuit on May 1, 2024.  Doc. No. 1.  On May 28, 2025, Desir filed his first motion to amend, which added a claim under the FMLA.  Doc. No. 13.  Atrium did not object.  On June 24, 2025, Desir filed his second motion to amend, which is now before the court, seeking to add Getinge AB as a named party defendant.  Doc. No. 18.  This time, Atrium objects.  Doc. No. 25.

### *Additional Facts for Personal Jurisdiction*

In addition to the facts alleged in the Amended Complaint, under Federal Rule of Civil Procedure 12(b)(2), the court may consider evidence submitted by the parties to assess personal jurisdiction.  See Adelson v. Hananel, 510 F.3d 43, 48 (1st Cir. 2007).  To support his argument that the court has personal jurisdiction over Getinge AB, Desir submitted several exhibits⁴ that he argues demonstrate "Getinge has made the operational decision to integrate its subsidiaries within its operation," and "has made the purposeful decision to inject its brand, prestige and

---

³ All of Plaintiffs' Charges were cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Doc. No. 18-1 at ¶ 4.
⁴ Desir attached Exhibits 1-8 (Doc. Nos. 28-1 through 28-8) in support of his Reply to Atrium's objection to the motion to amend (Doc. No. 28).  Desir submitted additional exhibits at the August 11, 2025 hearing.  Doc. No. 33.

manufacturing organization into the New Hampshire market," thus making it subject to the jurisdiction of this state. Doc. No. 28 at pg. 3.

For instance, Desir asserts that Getinge's website lists five manufacturing facilities within the United States, one of which is the Merrimack, New Hampshire facility at which Desir worked. Doc. No. 28 at pg. 2. Desir notes that "[t]he Merrimack facility is listed under the name 'Getinge' with the Merrimack address and the email address of customercare-us@getinge.com." Doc. No. 28-4. Desir states that the website does not mention Atrium, and a Google search for the Atrium website returns to the "Getinge website with the subheading 'Atrium Product Family.'" Doc. No. 28 at pg. 2.

Desir also states that "Getinge has an integrated HR function." Id. In support, Desir contends that during his employment at Atrium, he agreed, in writing, to comply with the "Getinge Group's" Code of Conduct, Anti-Corruption Policy, and Whistleblowing Policy. Doc. No. 28-5. He also signed a document acknowledging that he "received Getinge's Employee Handbook," and would abide by all the policies described therein. Doc. No. 28-6.

Further, Desir states that when he alleged racial discrimination, his complaint was not handled by the human resource director located at the Merrimack Atrium facility. Doc. No. 25 at pgs. 2-3. Instead, Adam Falkowitz, Head of Legal, North America, and Alessandra Aguila, VP of Human Resources, who are employees of Getinge[5] and not Atrium, responded to Desir's complaints of discrimination. Doc. No. 28-7, 28-8. Then "Getinge, Inc.," and not Atrium, retained outside counsel to investigate Desir's allegations. Doc. Nos. 28-7, 28-8.

**DISCUSSION**

---

[5] It is not clear from the parties' submissions for which Getinge entity Falkowitz and Aguila worked.

6

Desir moves to add Getinge AB as a defendant, arguing that Atrium is a subsidiary of Getinge AB, and therefore, Getinge AB should "not be permitted to utilize corporate forms to insulate itself from this case" given the "interlocking connections" between Getinge AB and Atrium.  See Doc. No. 18 at ¶ 10.  Atrium objects and argues that Desir's proposed amendment is futile.  Specifically, Atrium contends: (1) Desir failed to allege facts sufficient to support this court exercising personal jurisdiction over Getinge AB; (2) Desir's proposed Amended Complaint is deficient because it fails to differentiate between the actions of Atrium and Getinge AB; and (3) Desir failed to exhaust his administrative remedies as to Getinge AB because Getinge AB was not a party to the administrative proceedings.  See Doc. No. 25.  After consideration of the parties' arguments, the district judge should deny Desir's motion without prejudice and allow Desir to conduct limited jurisdictional discovery.

I.      **Futility for Lack of Personal Jurisdiction Over Getinge AB**

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."  Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007).  Accordingly, a district court may deny a motion to amend when the proposed amendment seeks to add a defendant over which the presiding court lacks personal jurisdiction.  See Crocker, 976 F.2d at 801.  Therefore, it is appropriate to first address the jurisdictional issue before reaching Atrium's alternative arguments in opposition to Desir's motion to amend.

A. <u>Personal Jurisdiction Standard of Review</u>

When assessing lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), "[t]he burden of proving that personal jurisdiction may be exercised in the forum state lies squarely with the plaintiff." Kuan Chen v. United States Sports Acad., Inc., 956 F.3d 45, 54 (1st Cir. 2020). When a district court determines lack of personal jurisdiction without an evidentiary hearing, the "'prima facie' standard governs its determination." See United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). Under this standard, the plaintiff must "proffer evidence which, taken at face value, suffices to show all facts essential to personal jurisdiction." Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016). "To make such a showing, the plaintiff cannot rely solely on conclusory averments but must 'adduce evidence of specific facts.'" Chen, 956 F.3d at 54 (quoting Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 145 (1st Cir. 1995)). When deciding a motion to dismiss using the prima facie standard, the court will "take the facts from the pleadings and whatever supplemental filings (such as affidavits) are contained in the record, giving credence to the plaintiff's version of genuinely contested facts." Baskin-Robbins, 825 F.3d at 34. It will then "take into account undisputed facts put forth by the defendant." Id.

Notwithstanding a plaintiff's required proffer of evidence, "a diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of in personam jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." Swiss Am. Bank, 274 F.3d at 625 (internal quotation marks, citations and emphasis omitted). Whether to permit such discovery is within the "broad discretion" of the court. Crocker, 976 F.2d at 801. Here, the court finds that Desir failed to satisfy his burden of demonstrating that the court may exercise personal jurisdiction over Getinge AB. However, by

8

proffering evidence that has a strong bearing on the matter, Desir presented a colorable case for personal jurisdiction. Accordingly, the district judge should grant Desir leave to conduct limited jurisdictional discovery to ascertain whether Getinge AB is subject to this court's jurisdiction.

B. Personal Jurisdiction Generally

In his proposed Complaint, Desir alleges that the court has jurisdiction over this matter due to the existence of a federal question. See Doc. No. 18-1 at ¶ 2; 28 U.S.C. § 1343. When a party asserts a federal question claim, the Fifth Amendment's Due Process clause "permits a federal court to exercise personal jurisdiction over a defendant . . . if that defendant has sufficient contacts with the United States as a whole." Lorelei Corp. v. Cnty. of Guadalupe, 940 F.2d 717, 719 (1st Cir. 1991) (quotation omitted). But when, as is the case here, no federal statute authorizes nationwide service of process, Federal Rule of Civil Procedure 4(e) "allows extraterritorial service of process only to the extent permitted by the law of the state in which the district court sits." Id. at 720. Under Rule 4(e)'s two-step process, the court first determines "whether the state's 'long arm' or 'doing business' statute authorizes it to exercise personal jurisdiction over the foreign defendant." Id. "If it does, the court must then determine whether the exercise of personal jurisdiction under the circumstances is consistent with due process under the fourteenth amendment." Id. (citing Whistler Corp. v. Solar Elecs., Inc., 684 F. Supp. 1126, 1129-31 (D. Mass. 1988)).

New Hampshire's long-arm statute authorizes the exercise of personal jurisdiction to the extent permissible under the federal Due Process clause which courts view as coextensive with the outer limits of due process. Cappello v. Rest. Depot, LLC, 89 F.4th 238, 243 (1st Cir. 2023) (quoting Petition of Reddam, 170 N.H. 590, 593 (2018)). Accordingly, the court may bypass the

9

statutory inquiry and proceed directly to the constitutional analysis. Mullaly v. Sunrise Senior Living Mgmt., Inc., 224 F. Supp. 3d 117, 124 (D. Mass. 2016).

A court may arrive at personal jurisdiction by one of two avenues: general jurisdiction and specific jurisdiction. See Foster-Miller, 46 F.3d at 144. "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir.1992). By contrast, specific jurisdiction exists "where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." Id. at 1088-89.

The parties have not explicitly specified whether the facts give rise to general or specific jurisdiction, but Desir has not met the burden of demonstrating either.

C. General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). Here, Desir's proposed Amended Complaint alleges no facts that would support the exercise of general jurisdiction over Getinge AB. The proposed Amended Complaint substantively mentions Getinge AB one time to state that "Atrium is a subsidiary within Getinge AB." Doc. No. 18-1 at ¶9. Furthermore, Desir has not argued that Getinge AB, a publicly traded Swedish company, is subject to general personal jurisdiction in New Hampshire. Given the absence of any alleged continuous and systematic activity unrelated to the suit in this forum, the court concludes that Getinge AB is not subject to

general personal jurisdiction. The court thus construes Desir's argument as setting forth a claim that Getinge is subject only to specific personal jurisdiction.

D. Specific Jurisdiction

"To exercise personal jurisdiction over a nonresident defendant, due process requires that the defendant 'have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Cappello, 89 F.4th at 244 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). It follows that Desir must show: (1) his claims directly arise out of or relate to Getinge AB's forum state activities; (2) Getinge AB's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in that state and (3) the exercise of jurisdiction is ultimately reasonable. See Scottsdale Cap. Advisors Corp. v. The Deal, LLC, 887 F.3d 17, 20 (1st Cir. 2018).

Desir argues that this court has jurisdiction over Getinge AB because Getinge AB made "the purposeful decision to inject its brand, prestige and manufacturing organization into the New Hampshire market" by making "the operational decision to integrate its subsidiaries within its operation, and to use the Getinge trademark to provide a public facing symbol to its integration." See Doc. No. 28 at pg. 3. However, Desir has not asserted sufficient facts to demonstrate that Getinge AB purposely availed itself of the privilege of conducting activities in New Hampshire. Additionally, Desir has not presented sufficient facts to demonstrate that Getinge AB's relationship with Atrium provides a basis for the court to "'disregard settled expectations accompanying corporate form'" and assert jurisdiction over Getinge AB. See Keane v. Expeditors Int'l of Washington, Inc., 138 F.4th 613, 618 (1st Cir. 2025).

"'[A]s a general rule, the jurisdictional contacts of a subsidiary corporation are not imputed to the parent.'" Mullaly, 224 F. Supp. 3d at 126 (quoting In re Lernout & Hauspie Sec. Litig., 337

11

F.Supp.2d 298, 312 (D. Mass 2004)); Rodriguez-Rivera v. Allscripts Healthcare Sols., Inc., 43 F.4th 150, 161 (1st Cir. 2022); see also Escude Cruz v. Ortho Pharm. Corp., 619 F.2d 902, 905 (1st Cir. 1980) ("The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is the sole owner of the subsidiary"). "However, the presumption of corporate separateness may be overcome and a court can exercise jurisdiction over a nonresident parent corporation" based on the forum contacts of its subsidiary if: (1) the subsidiary functions as the parent's agent; (2) if the parent exercises a greater than normal degree of control over the subsidiary; or (3) if the subsidiary operates as a mere "empty shell." Mullaly, 224 F. Supp. 3d at 126 (quotations omitted); see Donatelli v. Nat'l Hockey League, 893 F.2d 459, 466 (1st Cir. 1990) (explaining that to have jurisdiction over out-of-state parent company, the parent company must exercise a greater degree of control than that "normally associated with common ownership and directorship"); Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 55 (1st Cir. 2002) (the agent's actions may be attributed to the principal, for purposes of personal jurisdiction if the principal later ratifies the agent's conduct).

Here, Desir argues that Getinge AB asserts sufficient control over its subsidiaries to warrant jurisdiction as evidenced by its motto, "one brand, one promise," the representations on its website, and the fact that it requires Atrium employees to comply with certain Getinge Group personnel policies. Doc. No. 28 at pgs. 2-3. However, these facts are insufficient to conclude that Getinge AB exercised a greater than normal level of control over Atrium such that Atrium's contacts can be imputed on Getinge AB for purposes of personal jurisdiction. See United Elec., Radio & Mach. Workers of Am., 960 F.2d at 1091-97 (discussing when the corporate veil may be pierced); See also Fin. Co. of Am. v. BankAmerica Corp., 493 F. Supp. 895, 903 (D. Md. 1980) (finding sufficient integration to disregard the corporate form where the parent controlled the subsidiary's

12

daily operations and significant decisions, employed the subsidiary's branch managers, and maintained a single bank account for all subsidiaries).

However, Desir also suggests that Getinge AB asserted some control over the handling of his discrimination claim and ultimately his termination. He alleges that Atrium escalated his discrimination complaints beyond local HR to Getinge AB employees. He also contends that Getinge AB, and not Atrium, retained outside counsel to investigate his discrimination claims. Additionally, when Desir was terminated, his termination letter had Getinge AB branding on it. These facts suggest that Getinge AB may have exercised a greater level of control with respect to Desir's employment.

Although the court cannot conclude on this record that Desir satisfied his "burden of persuading the court that jurisdiction exists," Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009), the court concludes that Desir presented a colorable case for personal jurisdiction. Accordingly, the court recommends that the district judge deny Desir's motion to amend without prejudice to renewal, if appropriate, following the completion of limited jurisdictional discovery. Should the district judge accept this recommendation, the court should permit Desir to take limited jurisdictional discovery concerning Getinge AB's relationship with (or control over) Atrium, and direct that such discovery be propounded within fourteen (14) days of the district court's order approving this report and recommendation.

II.     **Atrium's Alternative Arguments for Dismissal**

Although the court recommends dismissal for lack of jurisdiction of Getinge AB, the court briefly addresses Atrium's alternative arguments.

A.  Futility for Failure to Differentiate Between Getinge AB and Atrium

Atrium alternatively argues that Desir's proposed Amended Complaint is futile because it fails to distinguish between the two entities named as Defendants.  Doc. No. 25 at pgs. 4-6.  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Accordingly, a plaintiff generally cannot "lump" multiple defendants together and must "state clearly which defendant or defendants committed each of the alleged wrongful acts."  Canales v. Gatzunis, 979 F. Supp. 2d 164, 170 (D. Mass. 2013) (quoting Bagheri v. Galligan, 160 F. App'x 4, 5 (1st Cir. 2005)).

The court agrees that Desir's proposed Amended Complaint fails to state clearly which Defendant or Defendants committed each of the alleged wrongful acts.  The Amended Complaint, therefore, is deficient because it does not satisfy the notice pleading standards.  Accordingly, Desir must remedy this deficiency, should he choose to file a subsequent motion to amend.

B.  Futility for Failure to Exhaust Administrative Remedies Against Getinge AB

If exercising personal jurisdiction over Getinge AB were proper, the court would then need to consider Atrium's argument that Desir's proposed amendment is futile because Desir did not identify Getinge AB in the final administrative discharge that gave rise to the EEOC's Right to Sue letter.  See Doc. No. 25 at pgs. 7-8.  Although Title VII generally requires a plaintiff to name a respondent in the administrative charge,

> courts excuse a plaintiff's failure to name a party only where there is a connection between the named and unnamed parties, a mutuality of interests, and an absence of prejudice to the unnamed party, as, for example, where the unnamed party has received adequate notice of the complaint and has been given an opportunity to participate in the conciliation process.

Hayes v. Henri Bendel, Inc., 945 F.Supp. 374, 378 (D. Mass. 1996); see McKinnon v. Kwong Wah Rest., 83 F.3d 498, 505 (1st Cir. 1996) (recognizing an exception where: (1) a substantial identity

of interest exists between the named and unnamed parties, (2) the named respondent acted as the unnamed party's agent, or (3) the unnamed party is indispensable).

Here, Desir's Amended Complaint does not allege sufficient facts to satisfy any of these exceptions. However, given this court's recommendation that the district judge permit jurisdictional discovery, the court cannot conclude at this juncture whether Desir could, in an amended complaint, state sufficient facts to demonstrate an exception.

## CONCLUSION

For the foregoing reasons, this court recommends that the district judge deny Plaintiff's motion to amend (Doc. No. 18) without prejudice to renewal. The court also recommends that the district judge allow the parties to conduct limited jurisdictional discovery. Should the district judge accept this recommendation, it should order Desir to propound discovery within fourteen (14) days of the date of the district judge's acceptance of this Report and Recommendation.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

                                                                                                _____  
                                                                                                Talesha L. Saint-Marc  
                                                                                                United States Magistrate Judge

December 29, 2025

cc: Counsel of record